IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY M. POLLARD, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-1951 |
| | : | |
| TAMMY FERGUSON, et al. | : | |

## **ORDER**

AND NOW, this 28th day of June, 2017, upon careful and independent consideration of Petitioner Wesley M. Pollard's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 3) is APPROVED and ADOPTED[2];

---

[1] The Report and Recommendation was sent to all parties of record on May 17, 2017, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."). As of today's date, no objections have been filed.

[2] Pollard is currently incarcerated at SCI-Benner in Centre County, located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(c). His habeas petition pertains to his conviction and sentence in the Court of Common Pleas, Luzerne County, for failing to provide accurate information pursuant to Pennsylvania's Megan's Law statute. Luzerne County is also located in the Middle District of Pennsylvania. *See id.*

Pursuant to 28 U.S.C. 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." Moreover, a district court in which a habeas petition is filed may "in the exercise of its discretion and in furtherance of justice . . . transfer the application to the other district court for hearing and determination." *Id.*

This Court does not have jurisdiction over Pollard's habeas petition, as Pollard was not convicted and sentenced in this Court, and he is not in custody in this district. *See id.* The Court

2. Pollard's Petition for Writ of Habeas Corpus shall be TRANSFERRED forthwith to the United States District Court for the Middle District of Pennsylvania;

3. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

4. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

therefore agrees with the Magistrate Judge that the interests of justice would be best served by transferring the petition to the Middle District of Pennsylvania. Pollard's petition raises four claims, all concerning the legality of his sentence. Because Pollard was convicted in Luzerne County, presumably all state court records, transcripts of proceedings, counsel, and potential witnesses are located within the Middle District. Pollard himself is also incarcerated in the Middle District. Accordingly, the Middle District is the most appropriate forum for Pollard to pursue his habeas petition.